IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01778-BNB

JERRY L. MASKE,

     Plaintiff,

v.

THE PETERS LAW FIRM,

     Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 3 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint. The Court must construe the Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must construe Mr. Maske's pleadings liberally, the pleadings must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert denied*, 513 U.S. 1090 (1995). For the reasons stated below the action will be dismissed.

The Court has reviewed the Complaint and finds that Mr. Maske is asserting

jurisdiction pursuant to 18 U.S.C. §§ 1961-1968, the Racketeer Influenced and Corrupt

Organizations Act (RICO). Section 1964(c) provides that:

> Any person injured in his business or property by reason of a
> violation of section 1962 of this chapter may sue therefor in
> any appropriate United States district court and shall recover
> threefold the damages he sustains and the cost of the suit,
> including a reasonable attorney's fee . . . .

The four elements of a RICO claim are: (1) conduct; (2) of an enterprise; (3)

through a pattern; (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*,

473, U.S. 479, 496 (1985). The plaintiff in a RICO action must allege each of these

four elements in order to state a proper claim under § 1962(c). *Id.* Further, the failure

to establish any of these elements is fatal to the plaintiff's RICO claim. *Rae v. Union

Bank*, 725 F.2d 478, 480-81 (9th Cir. 1984).

Mr. Maske has failed to satisfy any of the four elements of a RICO claim. He has

failed to plead any of the crimes identified by 18 U.S.C. § 1961 that constitute

"racketeering activity," which includes "any act or threat involving murder, kidnapping,

gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a

controlled substance or listed chemical . . . ." *See* § 1961(1)(A).

Further, Mr. Maske has failed to allege adequately a "pattern of racketeering

activity" because he has failed to allege that there was a crime which involved

"racketeering activity," as defined under 18 U.S.C. § 1961(1). Mr. Maske also has failed

to alleged adequately that there is any "enterprise" as defined by 18 U.S.C. § 1961(4),

because he has not alleged that there is an "association" between Defendant and

others for the purpose of conducting a racketeering activity.

2

Mr. Maske simply asserts that Defendant extorted money from him and disposed of evidence. Mr. Maske fails to state a RICO claim and to meet the requirements set forth in Fed. R. Civ. P. 8 for stating a claim for relief in a federal court.

The Court further notes that since March 18, 2009, Mr. Maske has filed thirty-three cases in this Court. Seven of the thirty-three cases were filed on March 18, 2009. Subsequent to those seven cases being dismissed, Mr. Maske filed new actions in which he named the same defendants and asserted the same claims against them, but he identified a different basis for this Court's jurisdiction.

Mr. Maske has filed three cases, including this one, against The Peters Law Firm asserting the same claims. *See Maske v. The Peters Law Firm*, No. 09-cv-01234-ZLW (D. Colo. July 16, 2009); *Maske v. The Peters Law Firm*, No. 09-cv-00584-ZLW (D. Colo. May 15, 2009). In each of the three cases, Mr. Maske challenges the amount of money he owes Mr. Peters for representing him in the Denver County and Municipal Court and in the Aurora Municipal Court. In Case No. 09-cv-00584-ZLW, Mr. Maske asserted jurisdiction for his claim pursuant to Title III of the Americans with Disabilities Act (ADA) of 1990. In Case No. 09-cv-01234-ZLW, Mr. Maske merely stated "personal injury" for intentional inflection of emotional distress, legal malpractice, and slander and "property–fraud" for the basis of jurisdiction in this Court. Case No. 09-cv-00585-ZLW was dismissed for failure to comply with Fed. R. Civ. P. 8, and Case No. 09-cv-01234-ZLW was dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

The Court also notes that Mr. Maske, in each of his original seven cases, submitted a Letter to the Court in which he states that his mentor, Dale J. Crow, J.D.,

3

Ph.D., who is a faculty member at the University of Phoenix, was a practicing attorney and is advising him in his civil lawsuits. That advice notwithstanding, Mr. Maske's claims against Defendant Wilks now are abusive and malicious and an improper use of judicial resources. The Court finds no jurisdictional basis for Mr. Maske's claims under 18 U.S.C. §§ 1961–1968. The instant action is a repeated attempt to bring the same claim before the Court that was asserted in Case Nos. 09-cv-00584-ZLW and 09-cv-01234-ZLW. Mr. Maske is engaged in abusive litigation tactics, which will not be tolerated. This Complaint and action, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _2_ day of _____Sept_____, _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01778-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/3/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk

d a copy